```
cc: order, docket and remand letter to
Los Angeles Superior
Court No. BC 417049
```
                                                                                    **O  JS-6**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-08391 ODW (SSx) | Date | June 15, 2010 |
|---|---|---|---|
| Title | *Terri Walker v. Allied Security LLC, et al.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings (In Chambers):**    **Order GRANTING Plaintiff's Motion to Remand [9]**

Currently before the Court is Terri Walker's ("Walker") Motion to Remand this case to the Los Angeles Superior Court following Allied Barton's ("Barton") removal. (Dkt. # 9.) Having considered the arguments made in support of and in opposition to the instant Motion, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court GRANTS Plaintiff's Motion to Remand.

A civil action in state court may be removed "by the defendant" to the appropriate federal court based on diversity jurisdiction.[1] 28 U.S.C. § 1441(a). The removal statute, 28 U.S.C. § 1441, is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. Further, because there is a strong presumption against removal jurisdiction, if the court has any doubts about its subject matter jurisdiction, the case must be remanded to state court. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996).

The district court's "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). This test is akin to a Rule 12(b)(6) analysis in that all allegations of material fact in the complaint are accepted as true and construed in the light most favorable to the nonmoving party. *See TPS Utilicom Serv., Inc. v. AT & T Corp.*, 223 F.Supp.2d 1089, 1102 (C.D. Cal. 2002); *Sessions v. Chrysler Corp.*, 517 F.2d 759, 760-61 (9th Cir. 1975). However, this inquiry differs from a motion to dismiss in that courts may also look beyond the complaint, to the removing defendant's evidence. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

---

[1] 28 U.S.C. § 1332(a) provides that the district courts have diversity jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ."

O  JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-08391 ODW (SSx) | Date | June 15, 2010 |
|---|---|---|---|
| Title | *Terri Walker v. Allied Security LLC, et al.* | | |

Walker contends that remand is required both because (1) Barton failed to establish satisfaction of the $75,000 minimum amount in controversy for establishing diversity jurisdiction, and (2) Barton was not actually a named defendant in this action, and therefore lacked standing to remove. (Motion for Remand "MFR" at 8-9.)

As to the amount in controversy, Walker asserts that, because she did not specify the damages she was seeking in her First Amended Complaint and simply stated in response to her interrogatories "that her damages were at least $50,000," Barton cannot meet its burden. (MFR at 17, 21.) However, Plaintiff fails to take into account the fact that she also stated in her interrogatory responses that she was earning $100,000 per year plus bonuses (estimated at $14,000 based on the 2008 amount), that she was seeking lost wages up to the time of trial to the extent that she had not secured other employment, and that at the time she served her interrogatory responses, she was not employed. (Opposition to MFR "Opp'n," Exhibit "Ex."F at 5.) Walker alleges that she was discharged on April 6, 2009 (First Amended Complaint "FAC" ¶ 26), and Barton's Notice of Removal was filed 32 weeks later (Dkt. # 1), as the clock leading up to trial continued to tick. Therefore, taking what Walker claimed to be her total yearly salary with benefits as true, at the time of removal, the amount in controversy had surpassed the jurisdictional minimum. Walker's Motion on these grounds must, therefore, be denied.

The question of whether Barton has standing to remove is not as easily resolved. Plaintiff contests Barton's standing, stating that she knowingly and intentionally sued Allied Security, and that the notation "doing business as [Barton]" does not confer on Barton standing to interject itself into this litigation. (MFR at 10, 13, 16.) In California, "the designation 'doing business as' simply indicate[s] [operation] under a fictitious business name." *Meller & Snyder v. R & T Properties, Inc.*, 62 Cal. App. 4th 1303, 1311 (1998) (citations omitted). "Doing business under a fictitious business name does not create a separate legal entity," but "merely describe[s] [an entity] [] doing business under some other name." *Id* at 1310-11. (citations omitted) (explaining that the only defendant named in a complaint purporting to sue a defendant [Mr. Tieger] "individually, and doing business as" another [R&T Properties, Inc.] was the individual [Mr. Tieger], and that the "doing business as" entity "was not named as a party defendant" in that case). The trial court may not exercise valid jurisdiction over such entities unless the complaint is amended to reflect a substitution of identity. *Id*. at 1311 (citation omitted). Following this reasoning, Allied Security was the only named party to this action, regardless of Plaintiff's denotation of Barton as the operational entity occasioning the harm alleged. If Barton (or Allied Security) thought that Barton was the more appropriate party to defend this litigation, a formal substitution was required in order to confer on Barton standing to remove.

Furthermore, there is ample legal support for a narrow reading of the term "defendant" as

**O  JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-08391 ODW (SSx) | Date | June 15, 2010 |
|---|---|---|---|
| Title | *Terri Walker v. Allied Security LLC, et al.* | | |

used in the removal statute. *See, e.g., Palisades Collections LLC v. Shorts*, 552 F.3d 327,333 (4th Cir. 2008); *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456 (6th Cir. 2002); *People by Lungren v. Keating,* 986 F.2d 346, 347-48 (9th Cir.1993); *Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1116 (N.D. Cal. 2006). As such, it would seem that Barton is not the proper party to seek removal of this matter.[2] Walker's Motion for Remand is therefore GRANTED.

Walker also requests attorney's fees incurred in bringing this Motion for Remand. (MFR at 21.) "The Supreme Court settled the standard for awarding attorney's fees when remanding a case to state court in *Martin v. Franklin Capital Corp*.," 546 U.S. 132 (2005). *Lussier v. Dollar Tree Stores, Inc*., 518 F.3d 1062, 1065 (9th Cir. 2008). "The Court held that 'the standard for awarding fees should turn on the reasonableness of the removal.'" *Id*. (Citation omitted). The Supreme Court further noted, "'[a]bsent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.'" *Id*. Given the satisfaction of the jurisdictional amount in this case and Plaintiff's own prior conduct at least intimating that she considered Barton to have standing, the Court is not of the opinion that Barton completely "lacked an objectively reasonable basis for seeking removal." Walker's Request for Attorney's Fees is, therefore, DENIED.

In sum, Walker's Motion to Remand is GRANTED, but her Request for Attorney's Fees is DENIED. All pending hearing dates and deadlines in this matter are hereby VACATED. This action shall be REMANDED to the Los Angeles County Superior Court forthwith.

IT IS SO ORDERED.

| | : | 00 |
|---|---|---|
| Initials of Preparer | RGN | |

---

[2] This is not to say that Barton's contentions regarding Walker's service of this lawsuit on Barton, failure to object when Barton appeared on behalf of Allied Security by answering the First Amended Complaint, and answering interrogatories propounded by Barton are entirely without merit. However, the Court is of the opinion that, considering the mandate that jurisdiction be rejected if there is *any* doubt as to the right of removal in the first instance, the Court finds it only appropriate to reject jurisdiction, and remand this case to state court.